UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| KENNETH TERRELL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV413-067 |
| | ) | CR411-002 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Kenneth Terrell moves for 28 U.S.C. § 2255 relief. Doc. CR411-002, doc. 58.[1] It should be denied.

## I. BACKGROUND

His indictment alleged that as the senior pastor of the New Harvest International Ministries, Terrell engaged in seven counts of wire fraud (defrauding his church of its money), in violation of 18 U.S.C. § 1343. Doc. 1. He pled guilty to Count 6 in exchange for dismissal of the remaining charges. Docs. 29 & 39. Prior to sentencing his lawyer, James

---

[1] All record citations are to the criminal docket, CR611-002. Pinpoint citations are to the page number the electronic case filing system assigns automatically to the upper right hand corner of each page.

Scott Byrne, evidently decided that Terrell would not tell the truth because he dissuaded him from speaking with the probation department officer charged with generating the Presentence Investigation (PSI) report. Doc. 58 at 6 n. 2(a); *see also* PSI at 7 ¶ 19. That decision was validated at the sentencing hearing, when the judge concluded that Terrell lied under oath and thus imposed an obstruction enhancement in sentencing him to 115 months -- ten more than the 105 recommended by the PSI. Sent. Mem. at 2; doc. 49 at 145, 147-48, 154-57, 173; *see also* doc. 40 (Judgment).

Byrne filed an appeal but succeeded in withdrawing, due to the appeal's lack of merit, under *Anders v. California*, 386 U.S. 738 (1967). The Eleventh Circuit's independent review of the record uncovered "no arguable issues of merit." Doc. 54 at 2. It thus affirmed. Doc. 55.

## II. ANALYSIS

In his *unsworn* § 2255 motion and reply brief,[2] Terrell raises the following claims:

---

[2] It is conspicuous that Terrell, with an extensive criminal record beginning at age 17, Sent. Mem. at 1, and who was found to have *lied* to the sentencing judge, did not use this Court's prescribed § 2255 form. That requires § 2255 movants to affirm factual assertions under 28 U.S.C. § 1746 (permitting, under penalty of perjury, an unsworn written declaration to substitute for an affidavit). Months after he filed his

2

(1) Byrne provided him with ineffective assistance of counsel (IAC)[3] because he:

(a) "encouraged the trial court to accept [Terrell's] guilty plea absent a factual basis adequate enough to sustain [his] guilt as to Count Six of the Indictment," doc. 58 at 8 (Ground One);

(b) "Failed to investigate, research, familiarize himself with the facts of the case, and move for dismissal of the indictment prior to the plea;" *id.* (Ground Two); and

(c) labored under an actual conflict of interest (Terrell does not say what) (Ground Three); and

(d) "failed to investigate, research, familiarize himself with the facts of the case, and [at sentencing] object to the woefully erroneous and excessive $381,449.55 restitution judgment;" *id.* (Ground Three);[4]

---

"home brewed" § 2255 motion, Terrell filed a "Sworn Declaration" pursuant to § 1746, but only for select factual assertions claimed by him as exculpatory. Doc. 65.

The 28 U.S.C. § 1746 declaration is not a mere ministerial requirement. Habeas and § 2255 movants who invoke it but lie to this Court are prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009).

[3] Under the two-part test for determining whether counsel performed effectively, Terrell must first prove that Byrne's advice was deficient, and he must then show that the deficient advice was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). He must also show that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Strickland*, 466 U.S. at 696.

[4] More specifically, he complains that Byrne failed to adequately challenge the Court's loss amount calculation under the U.S. Sentencing Guidelines. Doc. 58 at 4-5, 17-27, 29, 31-32, 35-38.

(2) the government deprived him of due process by obtaining his conviction and successfully urging his sentence enhancement "by the use of perjured testimony and suppression of exculpatory evidence." (Ground Four). *Id.*; *see also id.* at 39; *see also* doc. 64.

Claim 1(c) is denied outright. "The Sixth Amendment right to effective assistance of counsel encompasses the right to counsel untainted by conflicts of interest." *Lynd v. Terry*, 470 F.3d 1308, 1318 (11th Cir. 2006), *citing Cuyler v. Sullivan*, 446 U.S. 335 (1980). "This right is violated when the defendant's attorney has an actual conflict of interest that adversely affects the lawyer's performance." *Cuyler*, 446 U.S. at 350. To prove ineffective assistance based upon a conflict of interest, movant must show: "(a) that his defense attorney had an actual conflict of interest, and (b) that this conflict adversely affected the attorney's performance." *Reynolds v. Chapman*, 253 F.3d 1337, 1342 (11th Cir. 2001), *citing Cuyler*, 466 U.S. at 348-49.

Terrell thus "must make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative causes of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other." *Smith v. White*, 815 F.2d 1401, 1404 (11th Cir. 1987). "A possible, speculative or merely

4

hypothetical conflict does not suffice." *Lightbourne v. Dugger*, 829 F.2d 1012, 1023 (11th Cir. 1987), *citing Cuyler*, 446 U.S. at 350. "[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Cuyler*, 446 U.S. at 350. In that Terrell makes no such showing, this claim fails.

Claim (2) also must be denied outright. From his filings it is clear that Terrell simply disagrees with the sentencing judge's credibility findings. Doc. 58 at 11 n. 3; *id.* at 14 n. 4. His argument is circular: Since everyone else is lying (committing perjury), the government "must have" advanced perjurious testimony. Suffice it to say that, other than his own assertion that others are lying, he supplies no basis whatsoever for reaching such a conclusion. As there is no evidence that the Court was hoodwinked by some fraud or made credibility choices no rational factfinder could make, this claim fails.

The remaining claims more or less pivot on Terrell's overarching assertion that there is no proof of his intent to defraud. Docs. 58, 64 & 65. And that, in turn, reveals what Terrell is really up to here: a fresh determination of his guilt or innocence. To support all that, Terrell

provides extensive, but *unsworn*, explanations/calculations aimed at whittling down each fraudulent expenditure to nothing. Docs. 58 & 65.[5] He proffers all this *despite* his guilty plea and failure to raise any sort of insufficient evidence (a factual-innocence-based) claim on appeal.[6] After pages of calculations and explanations, Terrell concludes that:

> [the] "$358,081.62 of the alleged misappropriations [set forth in the Indictment and PSI] are hereby accounted for, in full, and [so] *any* such allegation of impropriety and/or restitution liability for same is an egregious miscarriage of justice, warranting vacatur of *both* conviction and sentence, inasmuch as Petitioner has not committed *any* act of wire fraud with respect to the underlying circumstances and complex pastor accounting obligations sought to be imposed upon Petitioner Terrell."

Doc. 58 at 27 (emphasis added and omitted).

Put another way, Terrell asserts that Byrne should have worked to exonerate him on these facts, rather than slack off and pressure him to plead guilty. Doc. 64 at 4. So viewed, Terrell is advancing an IAC claim based on his insistence that he is innocent of the crime to which he pled guilty, and it's all his lazy lawyer's fault for not investigating enough.

---

[5] He selectively affirms, under §1746, only his own exculpatory allegations, doc. 64 at 1-3, but of course ignores the fact that they are not fact until adjudicated as such by a factfinder -- here, the very jury determination that he gave up in exchange for the dismissed counts (i.e., the benefit of his plea bargain).

[6] He does not challenge Byrne's effectiveness on appeal, though the government raises no procedural defense on that score.

A "§ 2255 action is not designed to account for buyer's remorse. But that is all that is at issue here." *Falgout v. United States*, 2013 WL 3712336 at * 6 (N.D. Ala. July 12, 2013). Nor can it do the service of an appeal based on insufficient evidence.[7] Terrell ignores these points plus the fact that, in pleading guilty to Count 6 (charging him with defrauding his church out of $201,450), he did not dispute the factual basis alleged or the testimony of the government agent. Nor does he dispute that he signed his name to a plea agreement that says this:

> 1. Factual Basis: The Defendant . . . *agrees* to the truthfulness and accuracy of the following facts:
>
> a. From at least August 2006, and continuing through in or around January 2010, in Chatham County, within the Southern District of Georgia, and elsewhere, KENNETH TERRELL knowingly and willfully devised and intended to devise a scheme and artifice to defraud New Harvest International Ministries ("New Harvest"), Georgia Conference Executive Counsel, and International Pentecostal Holiness Church, Inc., and to obtain money from them, by means of materially false and fraudulent pretenses, representations, and promises, as well as omissions of material facts, which scheme resulted in him receiving moneys to which he

---

[7] A § 2255 motion is not a substitute for direct appeal, which means the grounds that can be raised within it are limited. A prisoner is entitled to § 2255 relief if the court imposed a sentence that (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Nickson*, 2013 WL 2460724 at *1 (11th Cir. June 7, 2013); *Morris v. United States*, 2013 WL 1602741 at * 1 (11th Cir. Apr. 16, 2013). Terrell does *not* raise any IAC ground relating to his appeal.

7

was not entitled. Defendant agrees as part of the scheme to defraud and to fraudulently obtain money from others, he knowingly caused to be transmitted, in interstate commerce, a wire on October 10, 2007 in the amount of $201,450[8] from International Pentecostal's UBS Financial Services account, located in Denver, Colorado, to New Harvest's accounts at Wachovia Bank, located in Savannah, Georgia.

Doc. 39 at 6 (emphasis and footnote added). Terrell also swore under oath that his attorney did *not* pressure or trick him.[9] Doc. 48 at 13, 20, 21-28. And with an unconditional guilty plea, he "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (emphasis added).

---

[8] This is a critical number because it set the U.S. Sentencing Guideline benchmark used to support the sentence he received. *See* PSI at 8 ¶ 23 (noting that, within the $200,000 - $400,000 range a twelve-level increase is supported); doc. 63 at 21-27 (government's § 2255 response reminding that most of what Terrell disputes -- amounts over $200,000 -- is irrelevant in that he must show a sub-$200,000 loss amount to satisfy the IAC prejudice prong, a point he does not dispute).

[9] His plea admission, made while under oath, "carr[ies] a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Indeed, in cases like this one, where "the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514 n. 4 (11th Cir. 1986) (affirming district judge's denial of a defendant's motion to withdraw his guilty plea). The only way Terrell could conceivably undermine his sworn declarations, then, would be to show both that he swore falsely and that he did so due to some failing by his attorney (*i.e.*, something objectively deficient, and not simply Terrell's opinion that Byrne should have done a better job). He has not come close to meeting that burden.

"A defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (citing *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984)); *see also United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003). The bar applies both on appeal and on collateral attack. *See United States v. Broce*, 488 U.S. 563, 569 (1989). Accordingly, Terrell cannot litigate his pre-plea, factual-innocence claim masquerading as an IAC claim, since he gave up that right in return for the government's agreement to drop the remaining counts against him. At most he can attack his guilty plea by showing that the advice Byrne gave him undermined "the voluntary and intelligent character of [his] plea." *Tollett*, 411 U.S. at 267; *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To determine that, the Court relies upon *Hill*, which advanced a slightly modified version of the *Strickland*'s ineffective assistance of counsel test.

Thus, Terrell must first demonstrate that Byrne's performance was deficient -- that his advice regarding the plea was outside the "range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); *see*

9

*Tollett*, 411 U.S. at 267. Second, he must show that Byrne's defective performance prejudiced the plea process to such a degree that defendant's plea cannot be trusted -- that Terrell would have rejected the plea and gone to trial. *Hill*, 474 U.S. at 59.

Terrell has failed to do that. He swore under oath that no one, *including his attorney* and the government, had made him any promises not contained in that agreement. Doc. 48 at 17. And, although he may have harbored doubts about how much the government could prove -- including the $201,450 amount supporting Count 6, doc. 1 at 5; doc. 48 at 24, his solemn declarations before the district judge[10] carry a strong

---

[10] That judge had before him the plea agreement, partially excerpted above, showing Terrell's agreement to the fraud *and* the $201,450 amount. For good measure, the judge asked Terrell, after hearing a government agent's factual basis testimony supporting that amount:

> THE COURT: Mr. Terrell, you've heard the testimony of Special Agent Griffin. Do you agree with that testimony?
>
> MR. TERRELL: Yes, sir.
>
> THE COURT: Do you have any questions that you wish to ask the agent?
>
> MR. TERRELL: No, sir.

Doc. 48 at 25. This came after the judge asked Terrell, flat-out, to admit his crime:

> Q. Do you admit you violated the law consistent with the charges made against you in Count 6?
>
> A. Yes, sir.

10

presumption of verity and rightly constitute a formidable barrier for him to overcome in these collateral proceedings. *Blackledge*, 431 U.S. at 74; *Cross v. United States*, 2009 WL 211418 at * 8 (S.D. Ga. Jan. 27, 2009). Terrell falls far short of overcoming that barrier. In fact, his only showing here is buyer's remorse: that he believes he is innocent of all charges, and if only Byrne had worked harder, things would be different.

To that end, Terrell faults Byrne for failing to litigate at sentencing the loss calculations contained in the PSI. But those calculations *were* litigated during the sentencing hearing. Doc. 58 at 31-36; doc. 64. As the sentencing hearing transcript shows, Byrne placed Terrell on the stand, interposed plenty of objections, and argued that the loss calculations were flawed in a number of ways. Doc. 49 at 7-53 (he put Terrell on the stand); *id.* at 53-56 (called a defense witness to support his PSI objections); *id.* 57-62 (recalled Terrell); *id.* at 77-78; *id.* at 118-128 (cross-examination); *id.* at 133 (same); *id.* at 138-40.

And Terrell, for that matter, sank his own boat when, upon cross-examination, he responded to accounting discrepancies (e.g., emailing his

---

Doc. 48 at 19; *see also* doc. 1 at 5 (Indictment, Count 6 -- $201,450 fraud loss calculated).

11

bishop false church expenditure amounts but claiming that he "telephonically corrected" them, or "forgot" about some personal expenditures) in a manner the factfinder was entitled to disbelieve. Doc. 49 at 62-72. Also, the government was able to show that he was able to, and did, obscure his expenditures by the way he wrote checks and manipulated bank accounts. Terrell even fabricated bank account statements to deceive his church. *Id.* at 115; *see also id.* at 117-18 (Terrell lied to the church that its new building was being constructed).

He also did things like use his church's debit card without generating and retaining receipts (hence, ensuring no paper trail). *Id.* at 135-38. This made it difficult to track his fraudulent misappropriations precisely. *Id.* at 96-114. Even so, the PSI comprehensively detailed the victim's losses, PSI at 3-7, then refuted Terrell's loss-calculation objections in detail. PSI Addendum at 1-10. The sentencing judge was authorized to make credibility choices in resolving the dispute and adopting the PSI's findings.[11] Doc. 49 at 145. All that Terrell has shown

---

[11] "[I]t is well settled that a district court does not violate the Fifth or Sixth Amendment by imposing fact-based sentencing enhancements under the guidelines, under a preponderance-of-the-evidence standard, so long as the court applies the sentencing guidelines as advisory. *United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005) (holding that extra-verdict enhancements used "in a non-mandatory guidelines system [are] constitutionally permissible"). *See also United States v.*

here is that he is unhappy with the result, not that Byrne fell below *Strickland's* deficient-performance baseline.

Finally, and although Terrell did not enumerate it as a ground, the government generously spotted a "footnote ground" for him: That Byrne rendered ineffective assistance of counsel by refusing to allow him to be interviewed by the Probation Officer, resulting in the denial of credit for acceptance of responsibility under the Sentencing Guidelines. Doc. 63 (citing doc. 58 at 6 n. 2(a)). This claim also fails. First, it relies on "briefing assertions," as opposed to record-supported (e.g., sworn-to) facts. Terrell, who evinces knowledge of 28 U.S.C. § 1746, doc. 65 at 32, failed to affirm his factual assertions in his "home-brewed" § 2255 motion, doc. 58 at 6 n. 2(a), and his later-filed "Declaration" did not reach back to encompass these particular assertions. *See* doc 65.

---

*Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006); *United States v. Pope*, 461 F.3d 1331, 1335 (11th Cir. 2006); *United States v. Chau*, 426 F.3d 1318, 1323–24 (11th Cir. 2005)." *Craig v. United States*, 2012 WL 3611229 at * 2 (M.D. Ala. July 30, 2012). This is still valid law despite *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 2155-58 (2013) (because mandatory minimum sentences increase the penalty for the crime, any fact that increases the mandatory minimum is an "element" of the crime that must be submitted to the jury), since no mandatory minimum sentence factor has surfaced here in that way. *See United States v. Croft*, 2013 WL 3615944 at * 1 (4th Cir. July 16, 2013).

Second, movant cites no record support for his factual assertions on this claim. And third, Byrne could not be deemed ineffective because he made the right judgment call here -- Terrell is a *con man,* in fact *did* lie under oath at sentencing, and paid the price (an obstruction-enhanced sentence) for it. If anything, Byrne saved Terrell from himself.

## III. CONCLUSION

For the foregoing reasons, Kenneth Terrell's § 2255 motion (doc. 58) should be **DENIED**. Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 20th day of August, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA